**Pllumb SHYTANI, Petitioner,**

v.

**Eric H. HOLDER,\* U.S. Attorney General, Respondent.**

No. 08–3007–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Janice K. Redfern, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Pllumb Shytani, a native and citizen of Albania, seeks review of a May 23, 2008 order of the BIA affirming the June 20, 2006 decision of Immigration Judge ("IJ") Noel Ann Brennan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pllumb Shytani,* No. A99 320 067 (B.I.A. May 23, 2008), *aff'g* No. A99 320 067 (Immig. Ct. N.Y. City June 20, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's conclusion that conditions in Albania have fundamentally changed such that Shytani does not have a well-founded fear of persecution. Even if an applicant establishes that he suffered past persecution, the presumption of a well-founded fear that arises upon such a showing may be rebutted where the agency finds that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in his country of nationality. 8 C.F.R. § 1208.13(b)(1). We have held that when making a changed country conditions finding with respect to a country "that is the subject of an appreciable proportion of asylum claims," the agency "need not enter specific findings premised on record evidence." *Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) (affirming the agency's finding that an applicant was ineligible for asylum or withholding of removal based on material political changes in

Albania). Indeed, the agency is well aware of the "salient historical events" occurring in such countries. *See id.*

Here, the IJ reasonably relied on background evidence in the record to find that with the Democratic Party's electoral victory in 2005, conditions in Albania had fundamentally changed such that Shytani does not have a well-founded fear of persecution. *See id.* While Shytani asserts that the BIA "simply cited" to country condition reports to find that there had been a fundamental change in Albania's political landscape, a review of the BIA's decision shows that it gave a reasoned analysis of the record in reaching its decision.

Because we find no error in the agency's changed country conditions finding, the agency properly denied Shytani's application for asylum, withholding of removal, and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).